UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MEHRAN AMIRKHANI KHAMSEH,<br><br>Petitioner,<br><br>v.<br><br>C. LANGILL et al.,<br><br>Respondents. | Case No. 2:25-cv-09955-MCS-DTB<br><br>**ORDER RE: EX PARTE APPLICATION FOR TEMPORARY RESTRAINING ORDER (ECF NO. 5)** |

Petitioner Mehran Amirkhani Khamseh brings this action for a writ of habeas corpus. (Pet., ECF No. 1.) Petitioner filed an ex parte application for a temporary restraining order and for issuance of an order to show cause why a preliminary injunction should not issue. (Appl., ECF No. 5.) The Court ordered briefing on the application. (Order Setting Br. Schedule, ECF No. 6.) Respondents C. Langill, in his official capacity as Director for the Los Angeles Immigration and Customs Enforcement ("ICE") Field Office; U.S. Department of Homeland Security; Kristi Noem, in her official capacity as Secretary of the Department of Homeland Security; Todd Lyons, in his official capacity as Deputy Director and Senior Official Performing the Duties of Director of ICE; Pamela Bondi, in her official capacity as Attorney General of the United States; Executive Office for Immigration Review; and F. Semaia,

1

in his official capacity as Warden of Adelanto Detention Facility, filed a brief opposing the application. (Opp'n, ECF No. 11.) Petitioner filed a reply. (Reply, ECF No. 12.) The Court heard the application on November 5, 2025.

## I. BACKGROUND

Petitioner is an Iranian citizen who has lived in the United States for over 40 years. (Pet. 9; Khamseh Decl. ¶ 3, ECF No. 5.) Petitioner was ordered removed from the United States in 2007, but until 2025, he remained in the United States under the supervision of United States Immigration and Customs Enforcement ("ICE") given that the agency could not effectuate his removal to Iran in the reasonably foreseeable future. (Appl. 9–10.)[1] Petitioner was unable to complete his yearly report with ICE in March 2025 due to medical issues and a dental procedure. (Khamseh Decl. ¶ 8; *see also* Chavez Decl. ¶ 16, ECF No. 11-1.) ICE thereafter detained Petitioner on June 24, 2025, and Petitioner has remained in detention at Adelanto Detention Center since. (Pet. 9; *see* Khamseh Decl. ¶ 10; Chavez Decl. ¶ 17.)

Petitioner claims that his detention violates his rights to procedural and substantive due process under the Fifth Amendment. (Pet. 46–47.) He asserts he will suffer irreparable harm in continued detention given the effects his absence is having on his family and community, and given the quality of medical treatment available in detention for his oral bacterial infection. (Appl. 31; *see* Khamseh Decl. ¶¶ 3–4, 10–11.) He further contends that removal to a third country would cause him irreparable harm given the prospect of persecution or torture. (Appl. 31–32.) He seeks preliminary

---

[1] The Court credits this proffer even though it is unsupported in the record by a verified pleading, declaration, or other evidence, and stands in tension with the petition. (*See* Pet. 9 (alleging Petitioner was released after removal proceedings that occurred in October 2025, but also alleging Petitioner has been detained continuously since June 2025).) Petitioner spent some of the time between 2007 and 2025 in prison upon a conviction related to a car accident. (Khamseh Decl. ¶ 6, ECF No. 5.)

2

injunctive relief in the form of an order restraining Respondents from removing him to a location outside this judicial district, requiring his immediate release until he is afforded a hearing before a neutral adjudicator, and enjoining Respondents from removing him from the United States to any third country to which he does not have a removal order. (*Id.* at 2–3.) The Court issued an order prohibiting Respondents from relocating Petitioner outside the district while the instant application is pending. (Order Setting Br. Schedule 3.)

In connection with their response, Respondents offer the testimony of Enrique Chavez, a deportation officer with ICE's Office of Enforcement and Removal Operations, who asserts that an immigration judge ordered Petitioner to be removed from the United States in 2007, and Petitioner has not challenged that order. (Chavez Decl ¶¶ 7, 20.)[2] Travel documents for Petitioner's removal to Iran were requested on or about October 2, 2025. (*Id.* ¶ 18.) Mr. Chavez asserts that Petitioner was scheduled for a consulate interview on October 27, but Petitioner refused to attend and speak with the consulate. (*Id.* ¶ 19.)[3] Mr. Chavez also indicates Petitioner has received medical treatment since entering custody. (*Id.* ¶ 21.)

## II.     LEGAL STANDARD

The standards governing temporary restraining orders and preliminary injunctions are essentially the same. *See Stuhlbarg Int'l Sales Co. v. John D. Brush & Co.*, 240 F.3d 832, 839 n.7 (9th Cir. 2001). "A preliminary injunction is an extraordinary remedy never awarded as of right." *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7,

---

[2] Petitioner acknowledges he is subject to a removal order, but he submits that he retained counsel to challenge his removal and detention. (Pet. 9.) An attachment to the petition indicates Petitioner's counsel requested that he be released on supervision, but there are no indications that he challenges the underlying removal order. (Pet. Ex. A, ECF No. 1.)

[3] Petitioner proffers without evidentiary support that he refused the interview after his request to have counsel present was denied. (Reply 2.)

3

24 (2008). "A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Id.* at 20. The Ninth Circuit also employs a "version of the sliding scale approach" where "a stronger showing of one element may offset a weaker showing of another." *All. for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1131 (9th Cir. 2011). Under this approach, an injunction may issue if the plaintiff shows that serious questions go to the merits, the balance of hardships tips sharply toward the plaintiff, the plaintiff is likely to suffer irreparable injury, and an injunction is in the public interest. *Fraihat v. U.S. Immigr. & Customs Enf't*, 16 F.4th 613, 635 (9th Cir. 2021).

## III. DISCUSSION

The Court has jurisdiction to consider Petitioner's claims under 28 U.S.C. § 2241. *See Trinidad y Garcia v. Thomas*, 683 F.3d 952, 956 (9th Cir. 2012) (en banc) ("The writ of habeas corpus historically provides a remedy to noncitizens challenging executive detention.").

The application must be denied because Petitioner fails to demonstrate that he is likely to succeed on the merits of his claims. "Likelihood of success on the merits is the most important factor," *California v. Azar*, 911 F.3d 558, 575 (9th Cir. 2018) (internal quotation marks omitted), which "is especially true for constitutional claims," *see Jr. Sports Mags. Inc. v. Bonta*, 80 F.4th 1109, 1115 (9th Cir. 2023).

In his petition, Petitioner asserts that his prolonged detention violates his due process rights under the Fifth Amendment. (Pet. 46–47.)[4] "In our society liberty is the

---

[4] In his application materials, Petitioner offers additional arguments: he asserts that Respondents violated federal regulations by detaining him without appropriate process, that a hearing before a neutral adjudicator was required before his detention, and that he is entitled to certain procedures before he may be removed to a third country. (Appl. 15–30; Reply 2.) None of these theories are pleaded in the petition, so the Court cannot

norm, and detention prior to trial or without trial is the carefully limited exception." *United States v. Salerno*, 481 U.S. 739, 755 (1987). The Fifth Amendment provides that "[n]o person shall . . . be deprived of . . . liberty . . . without due process of law." U.S. Const. amend. V. That protection extends to all persons in the United States, "including aliens, whether their presence here is lawful, unlawful, temporary, or permanent." *See Zadvydas v. Davis*, 533 U.S. 678, 693 (2001).

The Immigration and Nationality Act governs detention and release of noncitizens during and following removal proceedings. *Johnson v. Guzman Chavez*, 594 U.S. 523, 527 (2021). Once an alien is ordered removed, the Department of Homeland Security must remove the alien within a 90-day removal period, during which detention is mandatory. *Id.* at 528 (construing 8 U.S.C. § 1231(a)(1)); 8 U.S.C. § 1231(a)(2). Certain categories of aliens who have been ordered removed "may be detained" after the removal period lapses. 8 U.S.C. § 1231(a)(6). The Constitution implicitly limits the Department of Homeland Security's discretion to detain an alien in the post-removal period to "'a period reasonably necessary to bring about that alien's removal from the United States,'" which "is presumptively six months." *Johnson*, 594 U.S. at 529 (quoting *Zadvydas*, 533 U.S. at 689). But an alien may not necessarily be subject to release if the alien is not removed within six months; instead, "an alien may be held in confinement until it has been determined that there is no significant likelihood of removal in the reasonably foreseeable future." *Zadvydas*, 533 U.S. at 701.

Petitioner does not dispute Respondent's contention that he falls into one of the categories of aliens who may be detained in the post-removal period. (Opp'n 4; *see generally* Reply.)[5] Petitioner had been detained for less than five months when he

---

consider them in evaluating the application. *Pac. Radiation Oncology, LLC v. Queen's Med. Ctr.*, 810 F.3d 631, 633 (9th Cir. 2015) ("When a plaintiff seeks injunctive relief based on claims not pled in the complaint, the court does not have the authority to issue an injunction.").

[5] Respondents do not identify in their briefing *which* category. As may be applicable

initiated this action. (*See* Pet. 9.) Thus, *Zadvydas* teaches that the duration of Petitioner's detention remains presumptively reasonable.

Further, the Court cannot determine on this record "that there is no significant likelihood" that Petitioner will be removed from the United States in the reasonably foreseeable future. *Zadvydas*, 533 U.S. at 701. Petitioner's position on the low likelihood of removal in the reasonably foreseeable future rests exclusively on an argumentative proffer, not on verified allegations or evidence. (*See* Appl. 9–10, 13–15.) Meanwhile, Respondents offer cognizable evidence of efforts the United States has undertaken in the past month to effect Petitioner's removal to Iran. (Chavez Decl. ¶¶ 18–19.) This evidence, though thin, is effectively uncontested and forecloses a conclusion that Petitioner is not likely to be removed to Iran soon.

The Court declines to consider the other *Winter* factors. *See Garcia v. Google, Inc.*, 786 F.3d 733, 740 (9th Cir. 2015) (en banc) ("Because it is a threshold inquiry, when a plaintiff has failed to show the likelihood of success on the merits, we need not consider the remaining three *Winter* elements." (cleaned up)).

///

---

here, aliens who are removable after having been convicted of certain crimes or who the Attorney General determines to be a risk to the community or unlikely to comply with the order of removal may be detained after the removal period. 8 U.S.C. § 1231(a)(6). Reference to the Attorney General may "be understood as a reference to" the Department of Homeland Security. *Mendoza-Linares v. Garland*, 51 F.4th 1146, 1154 n.6 (9th Cir. 2022).

IV. **CONCLUSION**

The application is denied. The Court dissolves its order restricting Respondents from removing Petitioner from the district.

**IT IS SO ORDERED.**

Dated: November 6, 2025

_____
MARK C. SCARSI
UNITED STATES DISTRICT JUDGE