UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| MEHRAN AMIRKHANI KHAMSEH, <br><br> Petitioner, <br><br> v. <br><br> C. LANGILL, in his official capacity, Director for the Los Angeles ICE Field Office, et al., <br><br> Respondents. | Case No. 2:25-cv-09955-MCS-DTB <br><br> **ORDER ACCEPTING IN PART FINDINGS, CONCLUSIONS, AND RECOMMENDATIONS OF UNITED STATES MAGISTRATE JUDGE** |

Pursuant to 28 U.S.C. § 636, the Court has reviewed the Petition, all the records and files herein, and the Report and Recommendation of the United States Magistrate Judge. No objections to the Report and Recommendation have been filed herein.

The Court concurs with and accepts the findings, conclusions, and recommendations of the Magistrate Judge, except as to one issue on which the Court respectfully disagrees with the Magistrate Judge. The Magistrate Judge recommended that the Court enjoin Respondent "from removing Petitioner to any country other than Iran without appropriate notice and an opportunity to be heard in

1

accordance with the applicable ICE regulations." (R. & R. 11, ECF No. 19.) This component of the recommended relief is not grounded in any of the pleaded claims for violation of due process. (*See generally* Pet., ECF No. 1.) The Court noted this in its order addressing Petitioner's application for a temporary restraining order. (Order Re: Ex Parte Appl. 4 n.4, ECF No. 14.) Petitioner has not since amended his pleading to seek relief consistent with the proposed injunction preventing his removal to a third country. Nor is there any evidence in the record beyond Petitioner's speculation that Respondent would remove him to a third country. Accordingly, although the Court concurs with the Magistrate Judge that any efforts to remove Petitioner to a third country should comply "with the applicable ICE regulations," (R. & R. 11), relief to that end is not appropriate in this proceeding. *See, e.g.*, *Pac. Radiation Oncology, LLC v. Queen's Med. Ctr.*, 810 F.3d 631, 633 (9th Cir. 2015) ("When a plaintiff seeks injunctive relief based on claims not pled in the complaint, the court does not have the authority to issue an injunction."); *Uprety v. Bondi*, No. 2:25-cv-02443-JNW-MLP, 2026 U.S. Dist. LEXIS 13998, at *13 (W.D. Wash. Jan. 26, 2026) (declining to address third-country removal claim as unripe where "[t]he record show[ed] no steps toward third-country removal for Uprety specifically").

IT THEREFORE IS ORDERED that Judgment be entered: (a) ordering Petitioner's immediate release from custody on his previous conditions of supervision; and (b) enjoining Respondents and his officers, agents, employees, attorneys, and persons acting on his behalf in concert or in participation with him, from re-detaining Petitioner without notice and a pre-detention hearing.

Dated: April 6, 2026 _____

_____
Mark C. Scarsi
United States District Judge

2